UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:18-cr-24-T-33JSS

KENNETH WAYNE MAXWELL

_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Kenneth Wayne Maxwell's Motion for Compassionate Release (Doc. # 48), filed on November 13, 2020. The United States responded on December 3, 2020. (Doc. # 54). For the reasons set forth below, the Motion is denied.

I.  **Background**

On September 19, 2018, the Court sentenced Maxwell to seventy months' imprisonment, followed by a life term of supervised release, for possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (Doc. # 45). Maxwell is sixty years old and his projected release date from FCI Coleman Low is June 15, 2023. (Doc. # 54 at 2).

In the Motion, Maxwell requests compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his underlying

1

health conditions, which include obesity, "severe" COPD, hypertension, and skin cancer. (Doc. # 48 at 1). Maxwell also requests that he be appointed counsel. (Id. at 13). The United States has responded (Doc. # 54), and the Motion is now ripe for review.

## II. Discussion

The United States argues that the Motion should be denied (1) because Maxwell has failed to exhaust his administrative remedies, and (2) on the merits. (Doc. # 54 at 1). The Court agrees that Maxwell has failed to demonstrate that he has exhausted his administrative remedies.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Maxwell argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy

statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

"[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the [BOP] . . . and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief." United States v. Alejo, No. CR-313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020). Further, when the Warden timely denies a prisoner's request, the language of 18 U.S.C. § 3582(c)(1)(A) requires that the request be appealed through the appropriate administrative channels of the BOP. Only if the Warden does not respond to the request may the prisoner file a motion with the district court after 30 days have lapsed since the request was made. See United States v. Smith,

No. 4:15-cr-19, 2020 WL 2063417, at *2 (N.D. Ohio Apr. 29, 2020) ("Smith has also failed to fully exhaust his administrative remedies. Because the Warden explicitly denied his 2019 request for compassionate release, Smith needed to exhaust by appealing the Warden's decision.").

Here, Maxwell argues that he exhausted his administrative remedies because the Warden denied his "September 2020" request for compassionate release on October 23, 2020. (Doc. # 48 at 2). In that denial, the Warden advised Maxwell that he could appeal the decision "by submitting [his] concerns on the appropriate form (BP-9) within 20 days of the receipt of [the] response." (Doc. # 48-1 at 6). Despite his ability to do so, Maxwell provides no proof in his Motion that he either appealed the Warden's decision or that the Warden's response was untimely.[1] (Doc. # 48).

In short, Maxwell has not "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" nor have "30 days [lapsed]

---

1. In its response to the instant Motion, the United States indicates that Maxwell's original reduction of sentence application was submitted to the Warden on October 20, 2020, and not in September 2020, which would mean that it was denied by the Warden only three days later and was therefore timely. (Doc. # 54 at 7).

4

from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Elgin, No. 2:14-cr-129-JVB-JEM, 2019 U.S. Dist. LEXIS 86571, at *3 (N.D. Ind. May 23, 2019) (requiring that the inmate appeal the Warden's denial of relief to fully exhaust her administrative remedies). Therefore, Maxwell's Motion is denied without prejudice. See United States v. Miller, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the [BOP's] administrative appeals process.").

Even if Maxwell had exhausted his administrative remedies, the Court would deny the Motion because his circumstances are not extraordinary and compelling. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison;

5

or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Maxwell bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although the Court is sympathetic to Maxwell's numerous underlying health conditions, including obesity, hypertension, skin cancer, and "severe" COPD, (Doc. # 48 at 1), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG § 1B1.13, comment. (n.1); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and COPD, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison).

Additionally, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the

6

possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, Maxwell has not shown an extraordinary and compelling reason that justifies compassionate release and his Motion is denied.

While Maxwell's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of

7

Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Because the Court finds that Maxwell's Motion must be denied, his request for appointment of counsel is also denied. See United States v. Bryant, No. cr-416-345, 2020 WL 4939119, at *2 (S.D. Ga. August 24, 2020) (denying request for appointment of counsel as moot following denial of motion for compassionate release).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Kenneth Wayne Maxwell's pro se Motion for Compassionate Release (Doc. # 48) is **DENIED** without prejudice for failure to exhaust his administrative remedies.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of December, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE